UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Juste, #078-367-619, | ) C/A No. 4:16-3833-MGL-TER |
|            Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Agent Martinez, | ) |
| Federal Bureau of Investigation, | ) |
| James Comey, Director, | ) |
| Loretta E. Lynch, Attorney General, | ) |
| Ashton Carter, | ) |
| James Powell Collings, | ) |
| Barack Obama, | ) |
|            Defendants. | ) |

_____

This is a civil rights action filed by a *pro se* litigant who indicates that he is an immigration detainee.[1] Because Plaintiff cannot leave the facility where he is detained on his own, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

---

[1] In the past, this court has treated Plaintiff under General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07mc-5015-JFA (D.S.C. Sept. 18, 2007), due to a lack of information as to whether Plaintiff's detainment by I.C.E. was due to improper entry(criminal) or unlawful presence(civil). *See* 8 U.S.C. §§ 1324d, 1325. The court now has information that Plaintiff is being detained criminally due to entering unlawfully in the 1990s, and subsequently committing the criminal offense of robbery. *See* 4:16-cv-03832-MGL-TER, ECF No. 1. Thus, the court now treats Plaintiff as a prisoner for the purposes of this district's General Order.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not

rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## BACKGROUND

Plaintiff alleges that from 2010 to present, Agent Martinez, a resident of West Virginia stalked and harassed him. He alleges that for years there were tracking devices in his cell phones and laptop. Plaintiff cites 18 U.S.C. § 3237, 18 U.S.C. § 4, 18 U.S.C. § 1111, 42 U.S.C. § 1981-1985, 42 U.S.C. § 2000, and 28 U.S.C. §§ 1392, 1332. He alleges discrimination, blackmail, counterfeiting, and forgery. He says Martinez "is being charged with attempt to murder." As for injuries, he states "agony," "anguish", and "physical harm." He requests monetary damages and criminal charges.

Plaintiff states that: he is detained in New York and Defendants are located in Washington, D.C., West Virginia, or Pennsylvania. The events occurred in several states and do not involve the state of South Carolina.

## DISCUSSION

### Defendants FBI, Comey, Lynch, Carter, Collings, and Obama

Plaintiff makes no factual allegations as to Defendants FBI, Comey, Lynch, Carter, Collings,

3

and Obama. The Complaint in this case fails to state a plausible claim against these named defendants. Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose behind Rule 8 is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted). Even though a *pro se* plaintiff's pleadings are to be liberally construed, a *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.* at 555, 570; *see also Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 252 (4th Cir. 2005).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants will not know how to respond to conclusory allegations, especially when "the pleadings mentioned no specific time, place, or person involved." *Twombly*, 550 U.S. at 565 n. 10. Complaints should contain facts in regard to who did what to whom and when. *Id.*

Therefore, the undersigned recommends summary dismissal of these Defendants.

**Defendant Martinez-Official Capacity**

Defendant Martinez is a federal employee. Plaintiff's constitutional claims are analyzed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which "established that victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). A *Bivens* claim is analogous to a claim under 42

U.S.C. § 1983. However, federal officials cannot be sued under § 1983, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n.30 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443–44 (4th Cir.1988) (abrogated on other grounds in *Johnson v. Jones*, 515 U.S. 304 (1995)).

"Any remedy under Bivens is against federal officials individually..." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir.1996). A *Bivens* action cannot lie against Defendants Tyon, Crane, Phillips, Juanita, Hochul, Martinez, and Mitchell in their official capacities. *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir.2003). Accordingly, Plaintiff's *Bivens* claims should be dismissed as to Martinez in his official capacity.

Furthermore, even if this case is treated as brought under the Federal Tort Claims Act, the federal employee Defendant here is still entitled to summary dismissal. The FTCA waives the sovereign immunity of the United States in certain situations. However, litigants must strictly comply with the FTCA's requirements. *See* 28 U.S.C. § 2675; *U.S. v. Kubrick*, 444 U.S. 111, 117-18 (1979). A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Sheridan v. Rendell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; 28 U.S.C. 2401(b). There is no indication that Plaintiff has filed an administrative claim pursuant to the FTCA here. Such requirement is jurisdictional and not waivable. *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

Accordingly, this court lacks subject matter jurisdiction over said claim.

**<u>Defendant Martinez- Individual Capacity</u>**

"A district court does not have nationwide jurisdiction over defendants who live outside the forum state simply because the defendants are federal government employees." *Jackson v. Reilly*, 2008 WL 706861, at *14 (D.S.C. Mar. 14, 2008)(citing *Stafford v. Briggs,* 444 U.S. 527 (1980). "Because a *Bivens* action seeks relief against the personal resources of a federal employee in his individual capacity, the court must acquire personal jurisdiction in order to enter a binding judgment." *Id.* (citing *Griffith v. Nixon*, 518 F.2d 1195 (2d Cir.1975).

A requirement in any civil action is that the particular district court in which a Complaint is brought must have personal jurisdiction over the defendants. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Fed. R. Civ. P. 4(k)(1)(A), 4(e)(1); *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). The exercise of jurisdiction over a non-resident defendant must be both authorized under the state's long-arm statute and must comport with the due process requirements of the Fourteenth Amendment. *Carefirst of Md. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir. 2003). Under South Carolina's long arm statute, S.C. Code Ann. § 36-2-803, nonresidents may be served and subjected to state court jurisdiction when certain types of facts are presented in a case (e.g. entering a contract in this state, committing a tort in this state, etc.). None of those types of facts are presented in this case as to the Defendant Martinez is alleged to reside in West Virginia. Thus, the District of South Carolina cannot extend its personal jurisdiction to reach the Defendant.

A district court may exercise personal jurisdiction over a non-resident defendant "if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is

6

consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). South Carolina's long-arm statute extends to the outer limits of Fourteenth Amendment due process and as such the only question then is "whether the exercise of personal jurisdiction would violate due process." *See, e.g., Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005). Due process is satisfied in relation to personal jurisdiction, if a defendant purposefully avails himself of the privilege of conducting business within the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). There must be sufficient "minimum contacts" with the forum state, such that maintenance of the suit does not offend traditional notions of "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 3206 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

There are no allegations present here for the court to find personal jurisdiction over the Defendant: the Defendant lives in West Virginia; the action complained of did not occur in South Carolina; the Plaintiff is detained in a facility in New York. There are no contacts, purposeful availment, or sufficient connection with the state of South Carolina by the Defendants. Thus, it is recommended that Defendant Martinez be dismissed without prejudice due to a lack of personal jurisdiction.[2]

**RECOMMENDATION**:

Accordingly, it is recommended that the district court summarily dismiss the complaint in

---

[2] The District Court of South Carolina makes the fifth court Plaintiff has filed similar claims against similar defendants. *Juste v. Martinez, et al*, No. 1:16-cv-23430-CMA (S.D. Fl. Sept. 28, 2016)(complaint regarding stalking dismissed; footnote one states in August 2016 Plaintiff filed seven pro-se petitions); *Juste v. Martinez, et a;*, No. 15-0973(JDB)(D.D.C. Jan. 22, 2016)(complaint regarding stalking dismissed with prejudice as frivolous due to allegations lacking in factual or legal support and quoting from *Juste v. Resident Agency*, 15-140, 2015 WL 507493, at *2 (W.D. Penn. Feb 6, 2015)); *Juste v. Martinez, et al*, No. 4:16-cv-07399-DMR (N.D. Calif. filed Dec. 30, 2016).

this case without prejudice, and without issuance and service of process. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993).

## **RECOMMENDATION UNDER *Graham v. Riddle***

In the last few months, Plaintiff has filed eight actions in this court *See Juste*, Nos. 16-2366, 16-2974, 16-3335, 16-3575, 16-3757, 16-3831, 16-3832, 16-3833. Today, five report and recommendations were filed recommending summary dismissal. Many of these actions do not involve events occurring in or related to the state of South Carolina and do not involve Defendants within South Carolina's jurisdiction or fail to state a claim upon which relief can be granted. Plaintiff has filed numerous duplicative suits across multiple district courts. *See Juste v. ICE, et al*, No. 1-16-cv-23540-KMW (S.D. Fla. Nov. 7, 2016)(dismissed, including South Carolina defendants); *Juste v. ICE, et al*, No. 1-16-cv-23362-FAM (S.D. Fla. Aug. 22, 2016) (dismissed, including South Carolina defendants); *Juste v. ICE, et al*, No. 1-16-cv-23357-CMA (S.D. Fla. filed Aug. 5, 2016)(active habeas case); *Juste v. Johnson, et al*, No. 3:16-cv-07028-SI (N.D. Cal. filed on Dec. 8, 2016)(pending); *Juste v. Martinez, et al*, No. 1:16-cv-23430-CMA(S.D. Fla. Sept. 28, 2016)(**similar allegations and defendants as this court's No. 16-3833**; Florida court notes seven pro se petitions filed simultaneously on one day); *Juste v. Johnson, et al*, No. 1:16-cv-23677-UU (S.D. Fla. Oct. 12, 2016)(dismissed); *Juste v. Reid, et al*, No. 4:16-cv-07120-DMR (N.D. Cal. filed Dec. 14, 2016)(pending); *Juste v. Unknown*, No. 3:16-cv-0021-MHL-RCY (E.D. Va. Mar. 31, 2016)(dismissed); *Juste v. Martinez, et al*, No. 15-0973(JDB), 2016 WL 287053 (D.D.C. Jan. 22, 2016)(**similar allegations and defendants as this court's No. 16-3833;** dismissed with prejudice as frivolous); *Juste v. Resident Agency*, 15-140, 2015 WL 507493, *2 (W.D. Pa. Feb. 6, 2015); *Juste v. Embassy of Haiti, et al*, No. 3-16-cv-07029-SI (N.D. Calif filed Dec. 8, 2016)(**similar allegations**

**and defendants as this court's No. 16-3832**); *Juste v. Brennan*, 16 F. Supp. 3d 716 (N.D. W.V. 2014)(similar allegations and defendants as this court's No. 16-3757).

Plaintiff's frequent filings are across this court, the Northern District of California, the Southern District of Florida, the Eastern District of Virginia, the District of Columbia, the Western District of Pennsylvania, and the Northern District of West Virginia. In many of those courts, Plaintiff has a history of filing multiple actions that have never passed the *in forma pauperis* screening process. *See Juste v. U.S. Atty. Gen. Office*, 2015 WL 2455446, n.1 (W.D. Pa. May 22, 2015)(gathering cases).

Plaintiff is abusing his right of access to the court by continuing to file duplicative suits across district courts and filing suits which have no basis to be filed in this district. *See Graham v. Riddle*, 554 F.2d 133 (4th Cir. 1977). In the case of *In re Burnley*, 988 F.2d 1 (4th Cir. 1992), the Fourth Circuit Court of Appeals considered what measures might be used to protect the court system from an overly litigious prisoner whose filings had risen to the level of abusing the court. In the court's discussion, it noted that in earlier cases before the court and in those in other courts, measures to forestall additional filings were upheld when the litigant had shown a pattern of intentional abuse and where the restraint is carefully tailored to the circumstances of a particular case. *Id.* at 3; *see also Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990); *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). This recommendation sets out to carefully tailor restraints to Plaintiff's circumstances to curb his pattern of intentional abuse of the courts.

The cases cited above recognize the burden that litigious individuals place on the judicial system and reflect a balance between ensuring access to the courts while controlling already overburdened dockets. The United States Supreme Court has even found it necessary to protect itself

from abusive filings of *pro se* litigants. *See In re Amendment to Rule 39*, 500 U.S. 13(1991); *In re Sindram*, 498 U.S. 177 (1991); *In re Mcdonald*, 489 U.S. 180 (1989).

Thus, the undersigned makes the following recommendation:

It is recommended that the Plaintiff be prohibited from filing future cases *in forma pauperis* in this court unless he first submits an affidavit to show cause why he should receive authorization to do so. The affidavit should set out <u>clearly and briefly</u>[3]: 1) the facts upon which he would base a civil rights complaint; 2) the name and professional or occupational title of each defendant he wants to sue; 3) what each specific defendant did or failed to do which prompts the Plaintiff to believe that his constitutional rights or federal law has been violated; 4) Plaintiff's basis for personal jurisdiction over each defendant; 5) Plaintiff's basis for subject matter jurisdiction over each claim; 6) Plaintiff's basis for filing in this district 7) how he has been damaged by such acts or failure to act of the defendants; and 8) the exact relief requested from the court.

It is recommended that upon receipt of such an affidavit that the magistrate judge will review it and if he or she concludes that cause has not been shown by the Plaintiff to justify letting him proceed *in forma pauperis*, the magistrate judge will write a letter explaining such conclusion and a copy will be placed in a miscellaneous file, with the affidavit, for review by the court if the Plaintiff elects to appeal the magistrate judge's reasoning to the court. The magistrate judge will also include an explanation of Plaintiff's right to appeal to the court in the letter sent to the Plaintiff. If the Plaintiff, by affidavit, shows good cause why he should be permitted to proceed *in forma pauperis* in any given case, the magistrate judge will direct the clerk to send an approved complaint form and

---

[3] It is noted that Plaintiff's filings in this court include in excess of two hundred fifty pages. Plaintiff should be advised that affidavits that are not brief may alone negate "good cause" for authorization to proceed *in forma pauperis*.

other required service documents, the Plaintiff will then be authorized to proceed with that case *in forma pauperis*.

      Plaintiff has raised similar claims multiple times in multiple courts. For him to continue to take the time of this court and its support personnel is a waste of judicial resources, and such a practice must cease. The prefiling review recommended as set out above is to ensure that plaintiff's litigiousness consumes judicial resources only when his claims merit such attention and is in accordance with the approved method in *Graham v. Riddle*.

February 3, 2017
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).